James D. Hornbuckle Esq. (SBN 230407)
GOMEZ LAW APC
3250 Wilshire Blvd., Suite 1901
Los Angeles, CA 90010
T (855) 219-3333 / F (818) 574-6730
jh@gomezlawla.com

Attorney for Plaintiff,
NEW YORK INNOVATIVE BUILDERS, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE

| | |
|---|---|
| NEW YORK INNOVATIVE BUILDERS, LLC, *a New York limited liability company;* | CASE NO. |
| Plaintiff, | PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC'S VERIFIED COMPLAINT FOR: |
| vs. | |
| PACIFIC COAST INTERNATIONAL GROUP, LLC*, a California limited liability company*; NEW YORK INNOVATIVE BUILDERS LLC, *a California limited liability company*; ABERDEEN DEVELOPERS, LLC, *a California limited liability company*; INVICTUS GLOBAL GROUP, LLC, *a Wyoming limited liability company*; BURTON CONSTRUCTION & MANAGEMENT, INC., *a California corporation*; ADPULPUS VITAE, LLC, *a Wyoming limited liability company*; OXBOW SB44, LLC, *a California limited liability company*; OMAR RONALD ALJAZZAR, *an individual*; GUS DAHLEH, *an individual;* KYNDRA MAYO, *an individual*; CHARLES YI, *an individual*; PETER BURTON, *an individual*; JELMAR PASCO, *an individual*; KEVIN KIM, *an individual*; ERIC CERNICH, *an individual; and* DOES 1-20, inclusive. | (1) BREACH OF CONTRACT (Cal. Civ. Code §§ 337 and 1549); <br> (2) SPECIFIC PERFORMANCE (Cal. Civ. Code §§ 3386 and 3387); <br> (3) FRAUD (Cal. Civ. Code §§ 1710 et seq. and 3343 et seq.); <br> (4) NEGLIGENT MISREPRESENTATION (Cal. Civ. Code §§ 1710 et seq. and 3343 et seq.); <br> (5) FRAUDULENT CONVEYANCE (Cal. Civ. Code § 3439 et seq.); <br> (6) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS; <br> (7) UNFAIR BUSINESS PRACTICES (Cal. Bus. and Prof. Code § 17200 et seq.) <br><br> **[DEMAND FOR JURY TRIAL PURSUANT TO FRCP 38]** |
| Defendants. | |

-1-

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (NY LLC)'S VERIFIED COMPLAINT

TO ALL PARTIES AND ATTORNEYS OF RECORD, COMES NOW, Plaintiff, NEW YORK INNOVATIVE BUILDERS, LLC (New York LLC) ("Plaintiff"), by and through its counsel to complain against Defendants, PACIFIC COAST INTERNATIONAL GROUP, LLC; NEW YORK INNOVATIVE BUILDERS, LLC (California LLC); ABERDEEN DEVELOPERS, LLC; INVICTUS GLOBAL GROUP, LLC; BURTON CONSTRUCTION & MANAGEMENT, INC.; ADPULPUS VITAE, LLC; OXBOW SB44, LLC; OMAR RONALD ALJAZZAR; GUS DAHLEH; KYNDRA MAYO; PETER BURTON; JELMAR PASCO; CHARLES YI; KEVIN KIM;; ERIC CERNICH; and DOES 1-20, inclusive, ("Defendants"), and pleads as follows:

## I.    PARTIES

1.    Plaintiff NEW YORK INNOVATIVE BUILDERS, LLC ("Plaintiff" or "NY INNOVATIVE BUILDERS") is a New York limited liability company headquartered and incorporated in the State of New York. Its address for service is P.O. BOX 911, Pleasant Valley, NY, 12569.  The sole member and agent for PLAINTIFF is HOSSAM AWADALLAH ("MR. AWADALLAH"), who is a resident of the State of New York. NEW YORK INNOVATIVE BUILDERS, LLC is also registered to do business in the State of California.

2.    Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC is a California limited liability company headquartered and incorporated in the State of California.  Its address for service is 7545 Irvine Center Dr., Suite 200 in Irvine, CA 92618, and its agent for service of process is OMAR RONALD ALJAZZAR.  Plaintiff is informed and believes and thereon alleges that Defendant OMAR RONALD ALJAZZAR is a resident of California and the alter ego and sole member of Defendant PACIFIC COAST

INTERNATIONAL GROUP, LLC.  OMAR RONALD ALJAZZAR's Real Estate Broker's License Number with the State of California is #1043051.

3.      Defendant NEW YORK INNOVATIVE BUILDERS, LLC is a <u>California</u> limited liability company headquartered and incorporated in the State of California.  Its address for service is 2516 Bayside Drive in Corona Del Mar, CA 92625, and its agent for service of process is GUS DAHLEH.  Plaintiff is informed and believes and thereon alleges that Defendant GUS DAHLEH is a resident of California and the alter ego and sole member of Defendant NEW YORK INNOVATIVE BUILDERS LLC, the <u>California LLC.</u>

4.      Defendant ABERDEEN DEVELOPERS, LLC is a California limited liability company headquartered and incorporated in the State of California. Its address for service is 331 Poinsettia Ave. in Corona Del Mar, CA 92625, and its alter ego and agent for service of process is KYNDRA MAYO.  Plaintiff is informed and believes and thereon alleges that Defendant KYNDRA MAYO is a resident of California and the sole member of Defendant ABERDEEN DEVEVLOPERS, LLC.

5.      Defendant INVICTUS GLOBAL GROUP, LLC is a Wyoming limited liability company incorporated in the State of Wyoming but also registered and/or licensed to operate in the State of California.  Its address for service is 30 N. Gould St., Suite R in Sheridan, WY 82801.  Plaintiff is informed and believes and thereon alleges that Defendant CHARLES YI is the alter ego and sole shareholder of Defendant INVICTUS GLOBAL GROUP, LLC.

6.      Defendant BURTON CONSTRUCTION & MANAGEMENT, INC. is a California corporation headquartered and incorporated in the State of California. Its address for service is 20011 Vireo Ct. in Canyon Country, CA 91351, and its agent for service of

-3-
PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (<u>NY</u> LLC)'S VERIFIED COMPLAINT

process is PETER BURTON. Plaintiff is informed and believes and thereon alleges that Defendant is PETER BURTON is a resident of California and the alter ego and sole shareholder of Defendant BURTON CONSTRUCTION & MANAGEMENT, INC. PETER BURTON'S License Number with the State of California is # 1056969.

7.    Defendant ADPULPUS VITAE, LLC is a Wyoming limited liability company headquartered and incorporated in the State of Wyoming. Its address for service is 5830 E 2nd St., Suite 7000 #692 in Casper, Wyoming 82609. Plaintiff is informed and believes and thereon alleges that Defendant JELMAR PASCO is a resident of California and the alter ego and sole member of Defendant ADPULPUS VITAE, LLC.

8.    Defendant OXBOW SB 44, LLC, is a California limited liability company headquartered and incorporated in the State of California. Its address for service is 2855 Pacific Coast Highway, Corona del Mar, CA 92625. Plaintiff is informed and believes and thereon alleges that Defendant is ERIC CERNICH is a resident of California and the alter ego and sole member of Defendant OXBOW SB 44, LLC.

9.    Plaintiff is informed and believes and thereon alleges that Defendants GUS DAHLEH, OMAR RONALD ALJAZZAR, KYNDRA MAYO, PETER BURTON, JELMAR PASCO, CHARLES YI, KEVIN KIM, and ERIC CERNICH are all individuals who, at all times relevant herein, were and are residents of the State of California. KEVIN KIM is a real estate agent licensed in the State of California with License Number 01909123. Should Plaintiff come to learn any of these individuals were or are actually no longer domiciled in California, it will request leave to amend this Complaint accordingly.

## II.   REAL PROPERTY AT ISSUE

10.   The real property comprising the subject matter of this action is located within the county of San Bernardino, on **vacant lots with Assessor's Parcel Numbers <u>0261-011-08</u>; <u>0261-011-13</u>; and <u>0261-011-14</u> ("Subject Property")**. The Subject Property is located within the State of California and each parcel is legally described as follows:

**A.   Parcel Number 0261-011-08**

PARCEL A:

THAT PORTION OF GOVERNMENT LOT 1 SECTION 1, TOWNSHIP 1 NORTH, RANGE 5 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBD AS FOLLOWS:

COMMENCING AT THE NORTHEAST CORNER OF SAID SECTION 1; THENCE NORTH 89°48'15" WEST, 44.35 FEET ALONG THE NORTHERLY LINE OF SAID SECTION 1 TO THE NORTHEAST CORNER OF PARCEL NO. 1, DESCRIBED IN THE ORDER AND DECREE OF SETTLEMENT, DATED JUNE 29, 1949, A CERTIFIED COPY OF WHICH WAS RECORDED IN BOOK 2425, PAGE 594, OFFICIAL RECORDS OF SAN BERNARDINO COUNTY, CALIFORNIA; THENCE SOUTH 24°37'44" WEST, 690.00 FEET ALONG THE EASTERLY LINE OF SAID PARCEL NO. 1, AS DESCRIBED IN THE ORDER AND DECREE OF SETTLEMENT TO THE TRUE POINT OF BEGINNING; THENCE NORTH 63°57'00" WEST, 749.18 FEET; THENCE NORTH 89°48'15" WEST ALONG SAID NORTH LINE 334.28 FEET TO THE NORTHWEST CORNER OF SAID LOT 1; THENCE SOUTH 01°53'00" WEST ALONG THE WEST LINE OF SAID LOT 1, 484.27 FEET; THENCE SOUTH 63°57'00" EAST 982.98 FEET; THENCE NORTH 24°37'44" EAST, 312.50 FEET TO THE TRUE POINT OF BEGINNING.

ASSESSOR'S PARCEL NUMBER: 0261-011-08-0-000

**B.   Parcel Number 0261-011-13**

PARCEL D:

A NON-EXCLUSIVE EASEMENT 30.00 FEET IN WIDTH FOR THE PURPOSE OF INGRESS, EGRESS, AND PUBLIC UTILITY PURPOSES, THE EASTERLY LINE OF SAID STRIP OF LAND BEING DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHEAST CORNER OF SECTION 1, TOWNSHIP 1 NORTH, RANGE 5 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA; THE NORTHEAST CORNER OF PARCEL 1 DESCRIBED IN THE ORDER AND DECREE OF SETTLEMENT DATED JUNE 29, 1949, A CERTIFIED COPY OF WHICH WAS RECORDED IN BOOK 3425, PAGE 594 OF OFFICIAL RECORDS OF SAN BERNARDINO, CALIFORNIA; THENCE SOUTH 24°37'44" WEST, 690.00 FEET ALONG THE EASTERLY LINE OF SAID PARCEL AS DESCRIBED IN THE ORDER AND DECREE OF SETTLEMENT TO A POINT OFTERMINUS ON THE NORTHERLY LINE OFRANCHO MUSCUPIABE, THE WESTERLY LINE OF SAID STRIP OF LAND, SHALL B E PRLONGED OR SHORTENED SO AS TO TERMINATE IN THE NORTHERLY LINE OF RANCHO MUSCUPIABE AND IN A LINE BEARING NORTH 63°57'00" WEST THROUGH THE TRUE POINT OF BEGINNING.

PARCEL E:

PARCEL(S) 2 OF PARCEL MPA NO. 1784, IN THE CITY OF SAN BERNARDINO, AS SHOWN BY MAP ON FILE IN BOOK 24, PAGE(S) 11 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAN BERNARDINO COUNTY, CALIFORNIA.

ASSESSOR'S PARCEL NUMBER: 0261-011-13-0-000

C.    **Parcel Number 0261-011-14**

PARCEL B:

A NON-EXCLUSIVE EASEMENT 30.00 FEET IN WIDTH FOR THE PURPOSE OF INGRESS, EGRESS, AND PUBLIC UTILITY PURPOSES, THE EASTERLY LINE OF SAID STRIP OF LAND BEING DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHEAST CORNER OF SECTION 1, TOWNSHIP 1 NORTH, RANGE 5 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA; THENCE NORTH 89°48'15" WEST, 44.35 FEET ALONG THE NORTHERLY LINE OF SAID SECTION 1 TO THE NORTHEASTE CORNER OF PARCEL 1, DESCRIBED IN THE ORDER AND DECREE OF SETTLEMENT, DATED JUNE 29, 1949 A CERTIFIED COPY OF WHICH WAS RECORDED IN BOOK 2425, PAGE 594 OF OFFICIAL RECORDS OF SAN BERNARDINO, CALIFORNIA; THENCE SOUTH 24°37'44" WEST, 1002.50 FEET ALONG THE EASTERLY LINE OF SAID PARCEL 1, DESCRIBED IN THE ORDER AND DECREE OF SETTLEMENT, TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING SOUTH 24°37'44" WEST, 195.29 FEET ALONG THE EASTERLY LINE OF SAID PARCEL 1 AS DESCRIBED IN THE ORDER OF DECREE OF SETTLEMENT TO A POINT OF

TERMINUS ON THE NORTHERLY LINE OF THE RANCHO MUSCUPIABE. THE WESTERLY LINE OF SAID STRIP OF LAND SHALL BE PROLONGED OR SHORTENED SO AS TO TERMINATE IN THE NORTHERLY LINE OF THE RANCHO MUSCUPIABE AND IN A LINE OF BEARING NORTH 63°57'00" WEST THROUGH THE TRUE POINT OF THE BEGINNING.

PARCEL C:

PARCEL(S) 1 OF PARCEL MAP NO. 1784, IN THE CITY OF SAN BERNARDINO, AS SHOWN BY MAP ON FILE IN BOOK 24, PAGE(S) 11 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAN BERNARDINO COUNTY, CALIFORNIA.

ASSESSOR'S PARCEL NUMBER: 0261-011-14-0-000

11.     Parcel Number 0261-011-14 is the only one of the three parcels with a street address and it is addressed and commonly known as 6920 Palm Ave., San Bernardino, California, 92407, though is referred to in the January 5, 2022 Purchase Agreement at issue as "Vacant Land in San Bernardino Palm Ave., San Bernardino, CA 92407." A true and correct copy of the January 5, 2022 Purchase Agreement (the "January 5, 2022 Purchase Agreement") is attached hereto as **Exhibit A**.

### III.     JURISDICTION AND VENUE

12.     The United States District Court of California for the Central District in Riverside (the "Court") has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because (a) the amount in controversy is **$34,250,000 (**and thus exceeds $75,000); and (b) the Plaintiff, NEW YORK INNOVATIVE BUILDERS, LLC, is of different state citizenship than all Defendants given Plaintiff is incorporated in New York and all defendants are incorporated/domiciled in California or Wyoming.

13.     This Court also has *quasi in rem* jurisdiction over this action because the real property at issue giving rise to the allegations set forth in this Complaint is located in the

State of California. *Cal. Code of Civil Procedure §760.040 et seq.; Capra v Capra*, *supra*, 58 Cal.App.5th 1072, 1082; *People v Pollard* (2001) 90 Cal.App.4th 483, 489–490.  Personal jurisdiction over a defendant is generally not required in an *in rem* action and in many types of *quasi in rem* actions.  *Shaffer v. Heitner* (1977) 433 U.S. 186, 198. The state in which the property is located is generally considered to have exclusive sovereignty over that property, meaning an *in rem* action involving that property can generally proceed regardless of the owner's location. *Id.* at 199–200.  The court must, however, have jurisdiction over the *res*, i.e., the thing that is the subject of the action.  *See, Zaragoza v. Superior Court,* (1996) 49 Cal.App.4th 720, 724.  A judgment *in rem* affects all persons who have an interest in the property that is the subject of the action.  A judgment *quasi in rem* affects particular persons who have an interest in the designated property. *Shaffer* at 199.

### IV.    **GENERAL ALLEGATIONS**

14.    PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC brings this action to recover damages arising from a failed real estate transaction, wherein certain Defendants breached the January 5, 2022 Purchase Agreement by conveying the Subject Property to Defendant ABERDEEN DEVELOPERS, LLC in order to defraud PLAINTIFF out of the benefit of developing the Subject Property. ***See***, **Exhibit A**.

15.    HOSSAM AWADALLAH is the agent and principal for PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC, and is a real estate investor in the business of purchasing and selling properties across the United States. Additionally, for context, MR. AWADALLAH sometimes goes by "Sam" or "Jack."

**A.   Plaintiff and Defendants Negotiate and Execute the Purchase Agreement and Other Contracts At Issue**

16.   Beginning in or around November 2021, MR. AWADALLAH discovered parcels of vacant land in San Bernardino for sale, of which collectively compromises the Subject Property.  This being a valuable investment opportunity, MR. AWADALLAH intended to purchase the Subject Property as a development project.

17.   MR. AWADALLAH on behalf of PLAINTIFF engaged Defendant PETER BURTON, as principal and agent of BURTON CONSTRUCTION & MANAGEMENT, LLC, to facilitate the introduction of a secondary purchaser who would purchase of the Subject Property from PLAINTIFF once PLAINTIFF had completed the purchase of the Subject Property from Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC.

18.   However, prior to beginning negotiations with anyone, Defendant PETER BURTON and PLAINTIFF's principal HOSSAM AWADALLAH (as agent and principal for SELL FOR CASH QUICKLY, LLC) first entered into a Mutual Non-Disclosure and Non-circumvent Agreement on November 23, 2021.  The purpose of this Non-Disclosure Agreement was to prevent PETER BURTON from participating in any unauthorized communications concerning the negotiations and sale of the Subject Property with any third parties and also to prevent him from disclosing the purchase price that PLAINTIFF had negotiated for the Subject Property and to prevent him from circumventing PLAINTIFF or inducing other to circumvent PLAINTIFF and negotiate a deal with the then owner of the Subject Property, Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC.  A true and correct copy of Peter Burton's **November 23, 2021 Mutual Non-Disclosure and Non-circumvent Agreement** is attached hereto as **Exhibit B**.

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (<u>NY</u> LLC)'S VERIFIED COMPLAINT

19. This Mutual Non-Disclosure and Non-circumvent Agreement was executed first because it was crucial to the Joint Venture Agreement that Defendant PETER BURTON and PLAINTIFF HOSSAM AWADALLAH (as agent and principal for SELL FOR CASH QUICKLY, LLC) entered into on November 30, 2021. The Joint Venture Agreement provided, "Investor B [Defendant BURTON CONSTRUCTION & MANAGEMENT, LLC] gets 1.5% of the total Sales Price paid in full on the date of closing for bringing in a Buyer that closes on said properties…" A true and correct copy of the **November 30, 2021 Joint Venture Agreement** is attached hereto as **Exhibit C**.

20. Once the Mutual Non-Disclosure and Non-circumvent Agreement and Joint Venture Agreement were executed in November 2021, negotiations commenced and continued into December 2021.

21. On December 07, 2021, PLAINTIFF contacted Defendant ERIC CERNICH, agent and principal of Defendant OXBOW SB 44, LLC, the then prior owner of the Subject Property, to express his interest in buying the Subject Property from the then current owner, Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC. Defendant ERIC CERNICH in particular, was the one who introduced PLAINTIFF to Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC.

22. On or around December 09, 2021, Defendant PETER BURTON introduced MR. AWADALLAH to Defendant JELMAR PASCO (the agent and principal of Defendant ADPULPUS VITAE, LLC), Defendant CHARLES YI, and Defendant KEVN KIM to further negotiate the purchase of the Subject Property **from PLAINTIFF** as part of a **secondary sale** of the Subject Property from PLAINTIFF to Defendant INVICTUS GLOBAL GROUP, LLC. Defendant CHARLES YI is the principal and owner of Defendant

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (NY LLC)'S VERIFIED COMPLAINT

INVICTUS GLOBAL GROUP, LLC who was interested in buying the Subject Property from PLAINTIFF, while Defendants PETER BURTON and JELMAR PASCO were attempting to facilitate the secondary transaction described above. Defendant KEVIN KIM is the real estate agent who worked to facilitate the secondary transaction described above involving the Subject Property and is employed with Landmark Real Estate (California Bureau of Real Estate License Number 01909123).

23.    During the December 9, 2021 meeting, PLAINTIFF and Defendant JELMAR PASCO entered into a Mutual Non-Disclosure and Non-circumvent Agreement of their own to further protect the integrity of the transaction from outside influences in light of the Joint Venture Agreement. A true and correct copy of the **December 9, 2021 Mutual Non-Disclosure and Non-Circumvent Agreement** is attached hereto as **Exhibit D.**

24.    Following the December 9, 2021 meeting, PLAINTIFF began negotiating the Purchase Price with Defendant OMAR RONALD ALJAZZAR (aka "Ron Aljazzar"), an agent and principal of the then current owner of the Subject Property, Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC. A true and correct copy of the **September 29, 2020 Grant Deed** purporting to convey the Subject Property from JBF 2018 LLC to Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC in exchange for $1,500,000 is attached hereto as **Exhibit E.**

25.    The use of the word "purported" is used because PLAINTIFF later received information from Defendant PETER BURTON that Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC never actually paid JBF 2018, LLC the $1,500,000 as indicated in the **September 29, 2020 Grant Deed** but rather, OMAR RONALD ALJAZZAR was merely a "strawman" to take pressure off Defendant ERIC CERNICH so as to make it

appear as if a legitimate sale had occurred between JBF 2018, LLC and Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC.  *See*, **Exhibit E.**

26.     PLAINTIFF initially offered Defendant OMAR RONALD ALJAZZAR $1,000,000 to purchase the Subject Property, then shortly after countered with $1,3000,000. Defendant OMAR RONALD ALJAZZAR ultimately agreed to $1,700,000 provided PLAINTIFF also be given a resolution from the City of San Bernardino granting it permits to crush concrete materials on-site of the Subject Property (the "Rock Crushing Resolution").

27.     At the time of the January 5, 2022 Purchase Agreement was entered into by PLAINTIFF and Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC to purchase the Subject Property, there existed a very large pile of broken concrete and rock on the Subject Property.  The purpose of the Rock Crushing Resolution was to confirm that PLAINTIFF would be able to crush the rock and concrete onsite.  As set forth below, in the event the Rock Crushing Resolution was not granted by the City of San Bernardino, then the purchase price was to be $1,300,000 in order to compensate PLAINTIFF for the added expenses that would be incurred to transport the rock and concrete to an off-site location to be crushed there.

28.     The provider of the crushing site was to be MRC Rock & Sand, LLC. Importantly, in the event the Rock Crushing Resolution was not granted by the City of San Bernardino, then the purchase price was to be $1,300,000.  PLAINTIFF agreed and signed the January 5, 2022 Purchase Agreement with Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC to purchase the Subject Property for $1,700,000 which included the Rock Crushing Resolution.  *See*, **Exhibit A.**

29.    On January 5, 2022, PLAINTIFF and Defendant OMAR RONALD ALJAZZAR on behalf of Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC executed the **January 5, 2022 Purchase Agreement**, memorializing the purchase price of the Subject Property for $1,700,000 if the Rock Crushing Resolution was provided, with $100,000.00 due on February 28, 2022.  ***See***, **Exhibit A, page 7.**

30.    The **January 5, 2022 Purchase Agreement** also contained a mediation provision in Paragraphs 37A and 37B.  Accordingly, Plaintiff NY INNOVATIVE BUILDERS is filing this Complaint pursuant to Paragraph 38C of the January 5, 2022 Purchase Agreement to preserve its rights and to file this "court action to enable the recording of a notice of pending action."  ***See***, **Exhibit A**, Paragraph 38C.  As such, after the filing of this Complaint, Plaintiff NY INNOVATIVE BUILDERS shall request mediation of its claims against Defendant PACIFIC COAST INTERNATIONAL GROUP LLC per the terms of Paragraph 37 of the January 5, 2022 Purchase Agreement in order to preserve its right to recover attorneys fees from Defendant PACIFIC COAST INTERNATIONAL GROUP LLC per the terms of Paragraph 37 of the January 5, 2022 Purchase Agreement. ***See,*** **Exhibit A.**

31.    On January 19, 2022, to preserve its interests in the transaction with Defendant PACIFIC COAST INTERNATIONAL GROUP LLC, PLAINTIFF recorded a Notice of Intent to Preserve Interest on the Subject Property with the San Bernardino County Recorder's Office following the finalization of the January 5, 2022 Purchase Agreement.  A true and correct copy of the **January 19, 2022 Notice of Intent to Preserve Interest** filed by **PLAINTIFF** is attached hereto as **Exhibit F.**

32.    The January 19, 2022, a Notice of Intent to Preserve Interest was prepared by PLAINTIFF as a New York LLC.  This is significant because in or about July 19, 2022, Defendant GUS DAHLEH formed a limited liability company in California with **exactly** the same name as PLAINTIFF and then used this new California limited liability company to fraudulent record a "RELEASE OF NOTICE OF INTENT TO PRESERVE INTEREST" in which Defendant GUS DAHLEH signed the fraudulent release as a "Member" of NEW YORK INNOVATIVE BUILDERS, LLC.

33.    In light of the January 5, 2022 agreement being finalized, PLAINTIFF then began negotiating the secondary transaction to sell the Subject Property to Defendant CHARLES YI as agent and principal for INVICTUS GLOBAL GROUP, LLC with the help of Defendant PETER BURTON and Defendant KEVIN KIM.

34.    PLAINTIFF and Defendants YI and INVICTUS GLOBAL GROUP, LLC reached an agreed upon purchase price of $2,500,000 on January 18, 2022, though the agreement was never finalized due to Defendants illegal, unethical and fraudulent conduct resulting in a breach of the various contracts.  A true and correct copy of the *unexecuted* **January 18, 2022 Secondary Purchase Agreement** is attached hereto as **Exhibit G.**

**B.    Defendants' Breaches and Interferences with the January 5, 2022 Purchase Agreement, Joint Venture Agreement, Non-Disclosure Agreements, Oral   Agreements, and All Other Agreements with Plaintiff**

35.    When February 28, 2022 arrived, PLAINTIFF was prepared and attempted to pay Defendant OMAR RONALD ALJAZZAR the $100,000.00 down payment that was due on the Subject Property, in accordance with the original January 5, 2022 Purchase Agreement. ***See***, **Exhibit A,** page 7.

36.    However, on March 4, 2022, over a Zoom call, MR. AWADALLAH attempted to make the down payment but Defendant OMAR RONALD ALJAZZAR refused to accept the $100,000.00, under the guise he was doing PLAINTIFF a favor.

37.    Thereafter, Defendants PETER BURTON, ERIC CERNICH, CHARLES YI, INVICTUS GLOBAL GROUP, OMAR RONALD ALJAZZAR and KEVIN KIM and others – began to give PLAINTIFF the run-around and engaged in conduct that indicated that none of them intended on honoring the terms of the January 5, 2022 Purchase Agreement as initially agreed upon.

38.    For starters, on March 7, 2022, the January 18, 2022 **secondary** Purchase Agreement pending between PLAINTIFF and Defendants CHARLES YI/INVICTUS GLOBAL GROUP, LLC was revisited and revised into a subsequent one. On March 17, 2022, PLAINTIFF then signed this January 5, 2022 Purchase Agreement to execute the agreement of the sale of the Subject Property to Defendant INVICTUS GLOBAL GROUP, LLC for the purchase price of $2,680,000.  Defendant INVICTUS GLOBAL GROUP, LLC never ended up signing this January 5, 2022 Purchase Agreement.  A true and correct copy of the March 17, 2022 Purchase Agreement is attached hereto as **Exhibit H**.

39.    On March 29, 2022, PLAINTIFF was informed by DEFENEDANT CHARLES YI that Defendant INVICTUS GLOBAL GROUP, LLC was withdrawing from negotiations to purchase the Subject Property from PLAINTIFF as part of the secondary purchase transaction that the parties had been working to finalize.

40.    Additionally, even after the January 5, 2022 Purchase Agreement between PLAINTIFF and Defendant PACIFIC COAST INTERNATIONAL GROUP LLC was executed, Defendant PETER BURTON consistently tried to induce PLAINTIFF to breach

their Non-Disclosure Agreement (*See*, **Exhibit B**) by improperly prompting MR. AWADALLAH to introduce Defendants PETER BURTON, JELMAR PASCO, KEVIN KIM and CHARLES YI to Defendants ERIC CERNICH and Defendant OMAR RONALD ALJAZZAR.  PLAINTIFF was never willing to do such, as it would violate the Non-Disclosure Agreement and cause problems with the sale of the Subject Property.

41.     On April 13, 2022, after receiving no word from any of the aforementioned Defendants about closing escrow of the Subject Property for several months, PLAINTIFF contacted Defendant PETER BURTON to inquire about the delay.  During this phone call, Defendant BURTON informed PLAINTIFF of the following: (1) that Defendant BURTON had breached their Non-Disclosure Agreement by speaking to Defendant ERIC CERNICH regarding the sale of the Subject Property; (2) Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC never paid JBF 2018, LLC the $1,500,000 contract price the September 29, 2020 Grant Deed conveyed; (3) Defendants PACIFIC COAST INTERNATIONAL GROUP, LLC and/or OMAR RONALD ALJAZZAR got paid under the table to act as the strawman for ERIC CERNICH'S benefit; and (4) "there are work-arounds to the Non-Disclosure Agreement"  and (5) stated to PLAINTIFF in a mocking and condescending tone, "'I got a contract?' So?" …. "there are work-arounds to these things [the January 5, 2022 Purchase Agreement and Non-Disclosure Agreement]"; and "they [Eric Cernich] and [Omar Ronald Aljazzar] will pull your strings the whole time…So they knew what they were doing…Shame on them…Because they used you."

42.     Defendant BURTON also tried to (1) convince PLAINTIFF the prospective clients he was seeking to work with, Defendants ERIC CERNICH and OMAR RONALD ALJAZZAR, are "no good" and will "get him into trouble"; and (2) coached PLAINTIFF on

how to respond to e-mails to Defendant INVICTUS GLOBAL GROUP, LLC that actually turned out to disadvantage PLAINTIFF by making him look incompetent and ill-informed. Ultimately, Defendant BURTON was desperate to talk PLAINTIFF into reneging the January 5, 2022 Purchase Agreement or sabotage him into doing so.

43.    Approximately two weeks later, again, Defendant PETER BURTON breached the Non-Disclosure Agreement by speaking to ERIC CERNICH regarding the sale of the Subject Property without verbal or written consent/notice to PLAINTIFF. During this conversation, PETER BURTON disclosed to Defendant ERIC CERNICH that Defendants CHARLES YI and INVICTUS GLOBAL GROUP, LLC were interested in purchasing the Subject Property for $2.68 million dollars.  This amount is $980,000 over the contract price of the January 5, 2022 Purchase Agreement. *See*, **Exhibit A**.

44.    PLAINTIFF is informed and believes and thereon allege that it was this information (and unlawful disclosure) that caused Defendant PETER BURTON in particular (and Defendants OMAR RONALD ALJAZZAR and PACIFIC COAST INTERNATIONAL GROUP, LLC) to begin looking for ways to either cancel the January 5, 2022 Purchase Agreement or circumvent the terms in order to sell the Subject Property for a higher price to Defendant INVICTUS GLOBAL GROUP, LLC and/or Defendant CHARLES YI.

45.    In essence, the Defendants were working in concert with one another to cut PLAINTIFF out of the deal once they learned PLAINTIFF had a secondary purchaser for the Subject Property at a price that was higher than the $1,700,000 PLAINTIFF was under contract to pay for the Subject Property.  Specifically, once Defendants OMAR RONALD ALJAZZAR and PACIFIC COAST INTERNATIONAL GROUP, LLC were informed that CHARLES YI and INVICTUS GLOBAL GROUP, LLC were interested in purchasing the

Subject Property for $2.68 million dollars they sought to circumvent PLAINTIFF with the help of Defendants PETER BURTON and ERIC CERNICH and interfered with PLAINTIFF's purchase of the Subject Property from Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC.

46.     PLAINTIFF is informed and believes and thereon alleges that with respect to PETER BURTON, his interest in cutting out PLAINTIFF as the "middleman" to the transaction and selling directly with Defendants ERIC CERNICH and Defendant RONALD ALJAZZAR was and is to obtain a higher commission on this deal, which is to be based off a percentage of construction revenue with PLAINTIFF out of the picture. Again, Defendant PETER BURTON was never supposed to be in contact with Defendants ERIC CERNICH and Defendant OMAR RONALD ALJAZZAR, as per the November 23, 2021 Non-Disclosure Agreement.  *See*, **Exhibit B**.

47.     Clearly, Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC, OMAR RONALD ALJAZZAR, PETER BURTON and BURTON CONSTRUCTION & MANAGEMENT, INC.'s collective motive for repudiating and breaching their contract with PLAINTIFF was to accept the higher offer offered by Defendants CHARLES YI on behalf of INVICTUS GROUP, LLC in order to each increase their respective profits.  By doing so, Defendants PETER BURTON and OMAR RONALD ALJAZAAR breached their fiduciary duties as licensed real estate agents in the State of California, and further, intentionally interfered with the January 5, 2022 Purchase Agreement.  *See*, **Exhibit A; Exhibit H**.

48.     As for Defendants ERIC CERNICH and Defendant OMAR RONALD ALJAZZAR'S misconduct following the execution of the January 5, 2022 Purchase Agreement, from April 2022 onward, Defendant ERIC CERNICH and Defendant OMAR

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (NY LLC)'S VERIFIED COMPLAINT

RONALD ALJAZZAR both continuously failed to fulfill the terms of the January 5, 2022 Purchase Agreement by failing to obtain the required details on the Rock Crushing Resolution in order to finally close escrow, and/or communicate as needed.  For instance, ERIC CERNICH and OMAR RONALD ALJAZZAR continuously failed to provide MR. AWADALLAH with evidence progress had been made on the Rock Crushing Resolution whenever he requested a status update on the Rock Crushing Resolution, or details on where to crush the concrete materials (i.e., on-site or $1,000 feet off-site? If off-site, where did the City specify exactly?).  Finally, Defendants informed PLAINTIFF the City denied the permits to crush on-site of the Subject Property yet failed to make any indication they intended to drop the purchase price from $1,700,000 to $1,300,000 as agreed upon should the Rock Crushing Resolution not be provided, let alone any indication they intended to close escrow and honor the January 5, 2022 Purchase Agreement.

49.     Defendants JELMAR PASCO and PETER BURTON also breached their respective Non-Disclosure Agreements by speaking to the City of San Bernardino regarding the terms of the January 5, 2022 Purchase Agreement without providing the required verbal or written consent (let alone notice).  *See*, **Exhibit A**, **Exhibit B,** **Exhibit D**.  PLAINTIFF is informed and believe and thereon alleges that Defendants JELMAR PASCO and PETER BURTON spoke to the City of San Bernardino to advance the separately pending transaction with Defendants CHARLES YI and INVICTUS GLOBAL GROUP, LLC for approximately $2.68 million.

50.     As for Defendant KEVIN KIM, MR. KIM was the real estate agent representing Defendant INVICTUS GLOBAL GROUP, LLC in the *pending* secondary purchase of the Subject Property from PLAINTIFF that would have taken place if the initial

-19-
PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (<u>NY</u> LLC)'S VERIFIED COMPLAINT

January 5, 2022 Purchase Agreement had gone through and had not been breached.  A true and correct copy of the *unexecuted* **March 17, 2022 Secondary Purchase Agreement** is attached hereto as **Exhibit H.** Defendant KEVIN KIM failed to respond to any of PLAINTIFF's inquiries regarding this secondary purchase agreement, thereby breaching his fiduciary duty as a licensed real estate agent in the State of California, and further, intentionally interfered with PLAINTIFF's January 5, 2022 Purchase Agreement with Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC.

    **C.    Plaintiff Discovers Defendant Gus Dahleh Fraudulently Formed New York Innovative Builders, LLC in California to Remove the Notice of Intent to Preserve Interest to Defraud Plaintiff Out of the Subject Property for Defendants' Benefit**

51.    Unfortunately, to this day, escrow for the Subject Property remains open with Hacienda Escrow due to Defendant's on-going willful breach of the January 5, 2022 Purchase Agreement between PLAINTIFF and with Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC and refusal to close the transaction.  Specifically, Defendants breached the contract and deliberately stalled closing escrow by (1) actively encouraging PLAINTIFF to back out of the deal; (2) misrepresenting the status of the Rock Crushing Resolution thereby impeding a condition precedent of the January 5, 2022 Purchase Agreement; and (3) conveying the Subject Property to another party in spite of the January 5, 2022 Purchase Agreement.

52.    Eager to close escrow, PLAINTIFF began independently investigating title on the Subject Property through the San Bernardino's County Recorder's website.  By doing so, PLAINTIFF discovered an individual by the name of Defendant GUS DAHLEH fraudulently filed a Release of Notice of Intent to Preserve Interest on July 20, 2022. A true and correct copy of the **July 20, 2022 Release of Notice of Intent to Preserve Interest** is

attached hereto as **Exhibit I.**  This Release was notarized by Notary Public Phillip Palazuelos, Commission Number 2341868.  **See**, **Exhibit I.**

53.    Defendant GUS DAHLEH defrauded the San Bernardino County Recorder's Office by forming a limited liability company in the State of California with the **exact same name** as PLAINTIFF: NEW YORK INNOVATIVE BUILDERS, LLC – which was registered on July 19, 2022, just one day prior to the recording of the fraudulent **Release of Notice of Intent to Preserve Interest** on July 20, 2022.  A true and correct copy of the **Articles of Organization for the fraudulent NEW YORK INNOVATIVE BUILDERS, LLC, a California LLC filed on July 19, 2022** is attached hereto as **Exhibit J.**

54.    PLAINTIFF is informed and believes and based thereon alleges that Defendant GUS DAHLEH deliberately formed an identically named company as PLAINTIFF in California to defraud both the San Bernardino County Recorder's Office and PLAINTIFF in order to file the **Release of Notice of Intent to Preserve Interest** under false pretenses.  **See**, **Exhibit I**; **Exhibit J.**

55.    Further, the **Release of Notice of Intent to Preserve Interest** clearly indicates that it was signed by Defendant GUS DAHLEH as a "member" of Defendant NEW YORK INNOVATIVE BUILDERS, LLC, a California LLC yet purports to release the Notice of Intent to Preserve Interest recorded by PLAINTIFF on January 19, 2022.  **See**, **Exhibit F**; **Exhibit I.**

56.    Having discovered Defendant GUS DAHLEH and others were clearly trying to defraud PLAINTIFF out of the Subject Property, PLAINTIFF recorded a *second* Notice of Intent to Preserve Interest with the San Bernardino County Recorder's Office on August 9, 2022 in order to protect its claim over the Subject Property.  A true and correct of the

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (<u>NY</u> LLC)'S VERIFIED COMPLAINT

PLAINTIFF's **August 4, 2022 Notice of Intent to Preserve Interest** filed against the Subject Property with the San Bernardino County Recorder's Office is attached hereto as **Exhibit K**.

57.    Unfortunately, just days later, PLAINTIFF discovered on or around August 24, 2022, that Defendant PACIFIC COAST INTERNAL GROUP, LLC fraudulently transferred the Subject Property to Defendant ABERDEEN DEVELOPERS, LLC, by recording a grant deed with the San Bernardino County Recorder's Office in spite of the **second** Notice of Intent to Preserve Interest having been filed.  A true and correct copy of the **August 24, 2022 Grant Deed** fraudulently conveying the Subject Property to Defendant ABERDEEN DEVELOPERS, LLC is attached hereto as **Exhibit L.**

58.    PLAINTIFF is informed and believes and based thereon alleges that Defendants GUS DAHLEH and KYNDRA MAYO, the owner of Defendant ABERDEEN DEVELOPERS, LLC collaborated in their scheme to steal the Subject Property from PLAINTIFF.

59.    PLAINTIFF is informed and believes and based thereon alleges that Defendant KYNDRA MAYO is the owner of Defendant ABERDEEN DEVELOPERS, LLC and Defendant GUS DAHLEH is believed to be her husband.  PLAINTIFF is informed and believes, and on that basis thereon alleges, that Defendant GUS DAHLEH and Defendant KYNDRA MAYO are both personal and professional friends of Defendant OMAR RONALD ALJAZZAR, the owner of Pacific Coast International Group LLC.

60.    Additionally, Defendant ABERDEEN DEVELOPERS, LLC was formed just a few weeks after the April 13, 2022 phone call wherein Defendant PETER BURTON stated, "there are work-arounds to NDAs".  A true and correct copy of the **Articles of Organization**

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (NY LLC)'S VERIFIED COMPLAINT

**for Defendant ABERDEEN DEVELOPERS, LLC filed on April 29, 2022** with the State of California is attached hereto as **Exhibit M**.

61.     PLAINTIFF is informed and believes and thereon alleges that the transfer of the Subject Property from Defendant PACIFIC COAST INTERNAL GROUP, LLC to Defendant ABERDEEN DEVELOPERS, LLC was a fraudulent transfer done to avoid the almost certain liability that Defendant PACIFIC COAST INTERNAL GROUP, LLC would incur as a result of its breach of the January 5, 2022 Purchase Agreement.  *See*, **Exhibit A.**

62.     Notably, the title company overseeing the fraudulent conveyance, Orange Coast Title Company e-mailed PLAINTIFF on September 15, 2022 informing PLAINTIFF that escrow on the August 24, 2022 transfer still had not closed.  PLAINTIFF has since construed this to mean Defendant ABERDEEN DEVELOPERS, LLC has not paid any of the alleged $1,500,000 purchase price as provided for on the Grant Deed between Defendant PACIFIC COAST INTERNAL GROUP, LLC and Defendant ABERDEEN DEVELOPERS, LLC.  *See*, **Exhibit L.**  Plaintiff is informed and believes and based thereon alleges that this still holds true to this day.

63.     DEFENDENTS – particularly Defendant GUS DAHLEH – have participated in criminal activity by conspiring and perpetuating a scheme to illegally deprive PLAINTIFF of his interest in the Subject Property for their own financial gain by using fraud and forgery.

64.     Ultimately, PLAINTIFF is informed and believe and thereon alleges that Defendants misrepresented their intentions and strung him along in this deal to his detriment, damaging PLAINTIFF in an amount that equals at least $34,250,000 in lost profits from the development of the Subject Property due to (1) the breach of the January 5, 2022 Purchase Agreement and (2) intentional interference with the imminently pending contract with

Defendants INVICTUS GLOBAL GROUP, LLC and CHARLES YI that would have been executed had the sale of the Subject Property gone through if Defendants performed ethically and as agreed and contracted.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Cal. Civ. Code §§ 337 and 1549)**
**(Against Defendants PACIFIC COAST INTERNATIONAL GROUP, LLC; BURTON CONSTRUCTION & MANAGEMENT, INC.; ADPULPUS VITAE, LLC; PETER BURTON; OMAR RONALD ALJAZZAR; and JELMAR PASCO)**

65.     Plaintiff hereby incorporates by reference each preceding paragraph as if the same were fully set forth herein.

66.     California state law defines a contract under California Civil Code Section 1549 as simply "…an agreement to do or not to do a certain thing." The statute of limitations for a breach of contract claim is four years. California Civil Code § 337.

67.     A cause of action for breach of contract requires the harmed party to show (1) a contract existed; (2) the harmed party performed or had a valid excuse for non-performance; (3) the defendant breached the contract; and (4) the harmed party suffered damages. *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.App.4th 811, 821; *Richman v. Hartley* (2014) 224 Cal.App.4th 1182, 1186.  A material breach of one aspect of a contract generally constitutes a material breach of the whole contract. *Brown v. Grimes*, *supra*, 192 Cal.App.4th at pp. 277-278.

A.     **Breach of Contract Claim Against Defendants Pacific Coast International Group, LLC and Defendant Omar Ronald Aljazzar**

68.     PLAINTIFF and Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC and Defendant OMAR RONALD ALJAZZAR entered into the January 5, 2022 Purchase Agreement for the sale of the Subject Property on January 5, 2021.  *See*, **Exhibit A.**

-24-
PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (NY LLC)'S VERIFIED COMPLAINT

69.     PLAINTIFF performed all of its obligations set forth in the January 5, 2022 Purchase Agreement or was excused from performance due to Defendants' conduct.

70.     On August 24, 2022, Defendants PACIFIC COAST INTERNATIONAL GROUP, LLC and OMAR RONALD ALJAZZAR breached the January 5, 2022 Purchase Agreement by refusing to complete the sale of the Subject Property to PLAINTIFF and transferring the Subject Property to ABERDEEN DEVELOPERS, LLC in violation of the terms of the January 5, 2022 Purchase Agreement.  *See,* **Exhibit A; Exhibit F.**

71.     To this day, escrow for the Subject Property remains open with Hacienda Escrow due to Defendants' on-going willful breach of this January 5, 2022 Purchase Agreement by refusing to close the sale.  Specifically, Defendants breached the contract and deliberately stalled closing escrow by (1) actively encouraging PLAINTIFF to back out of the deal; (2) stalling and misrepresenting their performance of a term to the agreement to stall its execution, that being the rock Crushing Resolution Defendants PACIFIC COAST INTERNATIONAL GROUP, LLC and OMAR RONALD ALJAZZAR were required to provide; and (3) conveying the Subject Property to ABERDEEN DEVELOPERS, LLC in spite of the January 5, 2022 Purchase Agreement.  *See*, **Exhibit A.**

72.     Therefore, Defendants PACIFIC COAST INTERNATIONAL GROUP, LLC and OMAR RONALD ALJAZZAR have breached the contract entered into with PLAINTIFF on January 5, 2022 in violation of California law.

73.     PLAINTIFF has been damaged by Defendants' breach of the January 5, 2022 Purchase Agreement in the amount of at least $34,250,000 which represents the amount of lost profits PLANTIFF will suffer as a result of Defendants' breach of the January 5, 2022 Purchase Agreement and failure to close the sale of the Subject Property.

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (NY LLC)'S VERIFIED COMPLAINT

**B.    Breach of Contract Claim Against Defendants Peter Burton and Burton Construction & Management, Inc.**

74.    On November 23, 2021, Defendant PETER BURTON, on behalf of Defendant BURTON CONSTRUCTION & MANAGEMENT, INC., and PLAINTIFF's Principal HOSSAM AWADALLAH (as agent and principal for SELL FOR CASH QUICKLY, LLC) entered into a Mutual Non-Disclosure and Non-circumvent Agreement on November 23, 2021. The purpose of this Mutual Non-Disclosure and Non-circumvent Agreement was to prevent PETER BURTON from participating in any unauthorized communications concerning the negotiations and sale of the Subject Property with any third parties. *See*, **Exhibit B.**

75.    On November 30, 2021, PLAINTIFF and Defendants PETER BURTON AND BURTON, INC. entered into the Joint Venture Agreement. The Joint Venture Agreement provided, "Investor B [Defendant BURTON CONSTRUCTION & MANAGEMENT, LLC] gets 1.5% of the total Sales Price paid in full on the date of closing for bringing in a Buyer that closes on said properties…" The purpose of the Joint Venture Agreement was for PLAINTIFF and Defendants to exclusively and ethically go into business together for the sale of the Subject Property. *See*, **Exhibit C.**

76.    Specifically, Defendant PETER BURTON, as principal and agent of BURTON CONSTRUCTION & MANAGEMENT, LLC, agreed to facilitate the buyers required to purchase the Subject Property for PLAINTIFF. *See*, **Exhibit A; Exhibit B; Exhibit C.**

77.    However, during an April 13, 2022 phone call, Defendant PETER BURTON on behalf of Defendant BURTON CONSTRUCTION & MANAGEMENT, INC. informed PLAINTIFF (1) that Defendant BURTON had breached their Non-Disclosure Agreement by

speaking to Defendant ERIC CERNICH regarding the sale of the Subject Property and (2) "there are work-arounds to the Non-Disclosure Agreement".

78.    Defendant PETER BURTON as agent and principal of Defendant BURTON CONSTRUCTION & MANAGEMENT, LLC then proceeded to facilitate the fraudulent conveyance of the Subject Property to Defendant ABERDEEN DEVELOPERS, LLC thereby breaching the Joint Venture Agreement and Non-Disclosure Agreement by engaging in unauthorized communications and business practices.  *See*, **Exhibit A; Exhibit B; Exhibit C.**  For instance, Defendants spoke to the City of San Bernardino to advance the separately pending transaction with Defendants CHARLES YI and INVICTUS GLOBAL GROUP, LLC for approximately $2.68 million in violation of its Non-Disclosure Agreement as well.  *See*, **Exhibit B.**

79.    Therefore, Defendant PETER BURTON and BURTON CONSTRUCTION & MANAGEMENT, LLC breached the contracts entered into with PLAINTIFF on November 23 and 30, 2022 respectively, in violation of California law.

80.    PLAINTIFF and SELL FOR CASH QUICKLY, LLC performed all of their obligations set forth in the Mutual Non-Disclosure and Non-circumvent Agreement and Joint Venture Agreement or were excused from performance due to Defendants' conduct.

81.    PLAINTIFF, as a third-party beneficiary of the Mutual Non-Disclosure and Non-Circumvent Agreement and Joint Venture Agreement has been damaged by Defendants' breach of the Mutual Non-Disclosure and Non-Circumvent Agreement and the Joint Venture Agreement in the amount of at least $34,250,000 which represents the amount of lost profits PLANTIFF will suffer as a result of Defendants' failure to close the sale of the Subject Property.

**C.    Breach of Contract Claim Against Defendants Adpulpus Vitae, LLC and Jelmar Pasco**

82.    On December 09, 2021, Defendants ADPULPUS VITAE, LLC and JELMAR PASCO and PLAINTIFF's Principal HOSSAM AWADALLAH (as agent and principal for SELL FOR CASH QUICKLY, LLC) entered into a Mutual Non-Disclosure and Non-Circumvent Agreement.  *See*, **Exhibit D.**

83.    However, following its execution, Defendants ADPULPUS VITAE, LLC and JELMAR PASCO breached the Mutual Non-Disclosure and Non-Circumvent Agreement by speaking to the City of San Bernardino regarding the Resolution without providing PLAINTIFF verbal or written consent (let alone notice).  *See*, **Exhibit A, Exhibit B, Exhibit D.**  Plaintiff is informed and believe and thereon alleges that Defendants JELMAR PASCO on behalf of ADPULPUS VITAE, LLC spoke to the City of San Bernardino to advance the separately pending transaction with Defendants CHARLES YI and INVICTUS GLOBAL GROUP, LLC for approximately $2.68 million.

84.    Therefore, Defendants ADPULPUS VITAE, LLC and JELMAR PASCO breached the Mutual Non-Disclosure and Non-Circumvent Agreement entered into with PLAINTIFF's subsidiary, Sell for Cash Quickly LLC on December 09, 2022 in violation of California law.

85.    PLAINTIFF and SELL FOR CASH QUICKLY, LLC performed all of their obligations set forth in the Mutual Non-Disclosure and Non-circumvent Agreement or were excused from performance due to Defendants' conduct.

86.    PLAINTIFF, as a third-party beneficiary of the Mutual Non-Disclosure and Non-Circumvent Agreement has been damaged by Defendants' breach of the Mutual Non-Disclosure and Non-Circumvent Agreement in the amount of at least $34,250,000 which

represents the amount of lost profits PLANTIFF will suffer as a result of Defendants' failure to close the sale of the Subject Property.

**SECOND CAUSE OF ACTION**
**SPECIFIC PERFORMANCE**
**(Cal. Civ. Code §§ 3386 and 3387)**
**(Against Defendants PACIFIC COAST INTERNATIONAL GROUP, LLC and OMAR RONALD ALJAZZAR)**

87.    Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

88.    California Civil Code Section 3386 states, "…specific performance may be compelled if (a)  Specific performance would otherwise be an appropriate remedy;  and (b) The agreed counter-performance has been substantially performed or its concurrent or future performance is assured or, if the court deems necessary, can be secured to the satisfaction of the court."

89.    Further, Section 3387 provides, "**It is to be presumed that the breach of an agreement to transfer real property cannot be adequately relieved by pecuniary compensation** [emphasis added]**.**  In the case of a single-family dwelling which the party seeking performance intends to occupy, this presumption is conclusive.   In all other cases, this presumption is a presumption affecting the burden of proof."

90.    Specific performance is an adequate remedy at law in cases where (1) the contract terms are sufficiently definite; (2) consideration is adequate; (3) there is substantial similarity of the requested performance to the contractual terms; (4) there is mutuality of remedies; and (5) all other legal remedies available are inadequate. *Blackburn v. Charnley* (2004) 117 Cal. App. 4th 758, 766.

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (NY LLC)'S VERIFIED COMPLAINT

91.     PLAINTIFF and Defendants entered into the January 5, 2022 Purchase Agreement for the Sale of the Subject Property on January 5, 2021.  ***See***, **Exhibit A.**

92.     However, on August 24, 2022, Defendants transferred the Subject Property to ABERDEEN DEVELOPERS, LLC in violation of the terms of the January 5, 2022 Purchase Agreement.  ***See***, **Exhibit A; Exhibit F.**

93.     To this day, escrow for the Subject Property remains open due to Defendants' refusing to close sale and transfer the Subject Property to PLAINTIFF in accordance with the terms.  Specifically, Defendants breached the January 5, 2022 Purchase Agreement and are deliberately stalling closing escrow by (1) actively encouraging PLAINTIFF to back out of the deal; (2) misrepresenting the status of the Resolution owed by OMAR ALJAZZAR; and (3) conveying the Subject Property to another party in spite of the January 5, 2022 Purchase Agreement.  ***See***, **Exhibit A.**

94.     Therefore, Defendants have breached the contract entered into with PLAINTIFF on January 5, 2022, in violation of California law.  ***See***, **Exhibit A.** PLAINTIFF accordingly seeks specific performance as a remedy at law to compel Defendants to perform their end of the bargain and complete the sale of the Subject Property to PLAINTIFF per the terms of the January 5, 2022 Purchase Agreement.

### THIRD CAUSE OF ACTION
**FRAUD**
**(Cal. Civ. Code §§ 1710 and 3343 et seq.)**
**(Against Defendants NEW YORK INNOVATIVE BUILDERS, LLC (<u>California</u> Limited Liability Company); GUS DAHLEH; PACIFIC COAST INTERNATIONAL GROUP, LLC; OMAR RONALD ALJAZZAR; ABDERDEEN DEVELOPERS, LLC; and KYNDRA MAYO)**

95.     Plaintiff expressly incorporates each preceding paragraph as though set forth fully in this cause of action.

96.    To bring a successful claim of fraudulent or intentional misrepresentation under California Civil Code Section 1710, the defendant must have represented to another a fact that was supposedly true but (1) the representation was actually false about a material fact; (2) the defendant knew the representation was false or was reckless about its truth ("knowledge of falsity"); (3) the defendant intended the other person to rely on the statement ("scienter"); (4) the other person did rely on the statement ("justifiable reliance"); (5) the other person was harmed by the reliance; and (6) the other person's reliance on the defendant's representation was a substantial factor in causing the harm suffered ("causation").

97.    California Civil Code Section 3343, subdivision (a) also applies to this case, providing:

"(a) One defrauded in the purchase, sale or exchange of property is entitled to recover the difference between the **actual value** of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction, including any of the following:

(1)  Amounts actually and reasonably expended in reliance upon the fraud;

(2)  An amount which would compensate the defrauded party for loss of use and enjoyment of the property to the extent that any such loss was proximately caused by the fraud; …[or]

(4)  Where the defrauded party has been induced by reason of the fraud to purchase or otherwise acquire the property in question, an amount which will compensate him for any loss of profits or other gains which were reasonably anticipated and would have been earned by him from the use or sale of the property had it possessed the characteristics fraudulently attributed to it by the party committing the fraud, provided that lost profits from the use or sale of the property shall be recoverable only if and only to the extent that all of the following apply: (i)  The defrauded party acquired the property for the purpose of using or reselling it for a profit…"

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (NY LLC)'S VERIFIED COMPLAINT

**A.    Fraud Claim Against Defendants New York Innovative Builders, LLC (California LLC) and Gus Dahleh**

98.    On July 20, 2022, Defendant GUS DAHLEH, on behalf of Defendant NEW YORK INNOVATIVE BUILDERS, LLC (<u>California</u> LLC) prepared, filed and recorded with the San Bernardino County Clerk Recorder a **forged** and **fraudulent** Release of Notice of Intent to Preserve Interest by representing himself as PLAINTIFF to enable  Subject Property.  *See*, <u>**Exhibit I**</u>; Specifically, GUS DAHLEH misrepresented himself as the agent and principal of NEW YORK INNOVATIVE BUILDERS in order to forge the Release on PLAINTIFF's behalf and fraudulently transfer the Subject Property from Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC to Defendant ABERDEEN DEVELOPERS, LLC.  *See*, <u>**Exhibit J**</u>.  Defendant GUS DAHLEH did so on July 20, 2022 by falsely misrepresenting to the San Bernardino County Recorder that the newly formed fraudulent New York Innovative Builders LLC – <u>California</u> LLC was the same party who filed and recorded the original Intent to Preserve Interest on January 19, 2022. However, GUS DAHLEH knew (or should have known) it was actually PLAINTIFF who recorded the original January 19, 2022 Notice to Intent to Preserve Interest against the Subject Property. *See*, <u>**Exhibit I.**</u>

99.    Defendant GUS DAHLEH and Defendant NEW YORK INNOVATIVE BUILDERS LLC – CALIFORNIA LLC prepared, filed, and recorded with the San Bernardino County Clerk Recorder the falsified and forged "Release of Notice of Intent to Preserve Interest" on July 20, 2022 in order to deceive the State of California and defraud PLAINTIFF out of its rightful ownership of the Subject Property.  Defendant GUS DAHLEH and the other named Defendants in this cause of action knew or should have known the Subject Property could not be sold or transferred to another person/entity in light

of PLAINTIFF recording the January 19, 2022 Notice of Intent to Preserve Interest, which showed up on the chain of title as of July 20, 2022. Nonetheless, Defendants GUS DAHLEH and NEW YORK INNOVATIVE BUILDERS, LLC (California LLC) prepared and filed the fraudulent Release of Notice to remove the January 19, 2022 Notice in order to steal the Subject Property from PLAINTIFF. *See*, **Exhibit F**, **Exhibit I**, **Exhibit M.**

100. This fraudulent conduct on the part of Defendant GUS DAHEL and Defendant NEW YORK INNOVATIVE BUILDERS LLC – CALIFORNIA LLC was all part of Defendants PETER BURTON, PACIFIC COAST INTERNATIONAL GROUP, LLC, and ABERDEEN DEVELOPERS, LLC's collaborative scheme to breach the contract between PLAINTIFF and PACIFIC COAST INTERNATIONAL GROUP, LLC and thereafter fraudulently transfer the Subject Property to Defendant ABERDEEN DEVELOPERS, LLC using fraudulent documents and dishonest intentions. *See*, **Exhibit I, Exhibit M.** Ultimately, the fraudulent conduct harmed PLAINTIFF by depriving him of the Subject Property it was under contract to purchase per the **January 5, 2022 Purchase Agreement**. *See*, **Exhibit A.**

101. Therefore, Defendant GUS DAHEL and Defendant NEW YORK INNOVATIVE BUILDERS LLC – CALIFORNIA LLC committed fraud against PLAINTIFF in violation of California law by defrauding PLAINTIFF out of its interest to his Subject Property using fraudulent means, including but not limited to forgery, thereby harming PLAINTIFF.

102. PLAINTIFF has been damaged by the fraudulent conduct of Defendants GUS DAHEL and NEW YORK INNOVATIVE BUILDERS LLC – CALIFORNIA LLC in the

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (NY LLC)'S VERIFIED COMPLAINT

amount of at least $34,250,000 which represents the amount of lost profits PLANTIFF will suffer as a result of Defendants' failure to close the sale of the Subject Property.

103.   In addition, the conduct of Defendants GUS DAHEL and NEW YORK INNOVATIVE BUILDERS LLC – CALIFORNIA LLC was willful and malicious and done with the specific intent to harm PLAINTIFF which entitles PLAINTIFF to recover punitive damages which are available to PLAINTIFF in this case in order to punish Defendants GUS DAHEL and NEW YORK INNOVATIVE BUILDERS LLC – CALIFORNIA LLC for the conduct that harmed PLAINTIFF and to discourage similar conduct in the future in an amount that is at least three (3) times the $34,250,000 in compensatory damages PLAINTIFF is seeking for a total of $102,750,000.

**B.**      **Fraud Claim Against Defendants Pacific Coast International Group, LLC, Omar Ronald Aljazzar, Aberdeen Developers, LLC, and Kyndra Mayo**

104.   On or around August 24, 2022, Defendant OMAR RONALD ALJAZZAR, as the alter ego, agent and principal for PACIFIC COAST INTERNATIONAL GROUP, LLC with help and assistance of Defendant PETER BURTON fraudulently transferred the Subject Property to Defendant ABERDEEN DEVELOPERS, LLC.  Defendants then recorded a grant deed with the San Bernardino County Recorder's Office, in spite of the August 9, 2022 Notice of Intent to Preserve Interest being on file.  *See*, **Exhibit K.**

105.   Defendant KYNDRA MAYO is the alter ego, agent and principal of Defendant ABDERDEEN DEVELOPERS, LLC.  *See*, **Exhibit L.**

106.   PLAINTIFF is informed and believes and thereon alleges that the transfer of the Subject Property from Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC to Defendant ABERDEEN DEVELOPERS, LLC on or around August 24, 2022 was a

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (<u>NY</u> LLC)'S VERIFIED COMPLAINT

fraudulent transfer done to avoid the almost certain liability that Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC might incur as a result of litigation between it and PLAINTIFF for its breach of the January 5, 2022 Purchase Agreement.  *See*, **Exhibit A**.

107.    Therefore, Defendants PACIFIC COAST INTERNATIONAL GROUP, LLC, OMAR RONALD ALJAZZAR, ABERDEEN DEVELOPERS, LLC, PETER BURTON and KYNDRA MAYO defrauded PLAINTIFF by, at the very least, concealing their obvious intent to transfer the Subject Property from Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC to Defendant ABERDEEN DEVELOPERS, LLC on or around August 24, 2022 in spite of the January 5, 2022 Purchase Agreement entered into and the second Notice of Intent to Preserve Interest filed by PLAINTIFF on August 9, 2022. *See*, **Exhibit A; Exhibit K; and Exhibit M.**

108.    PLAINTIFF has been damaged by the fraudulent conduct of Defendants as alleged herein in the amount of at least $34,250,000 which represents the amount of lost profits PLANTIFF will suffer as a result of Defendants' failure to close the sale of the Subject Property.

109.    In addition, the conduct of the Defendants as alleged herein was willful and malicious and done with the specific intent to harm PLAINTIFF which entitles PLAINTIFF to recover punitive damages which are available to PLAINTIFF in this case in order to punish these Defendants for the conduct that harmed PLAINTIFF and to discourage similar conduct in the future in an amount that is at least three (3) times the $34,250,000 in compensatory damages PLAINTIFF is seeking for a total of $102,750,000.

\\

\\

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (<u>NY</u> LLC)'S VERIFIED COMPLAINT

\\

## FOURTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION
### (Cal. Civ. Code §§ 1710 and 3343 et seq.)
### (Against Defendants PACIFIC COAST INTERNATIONAL GROUP, LLC; OMAR RONALD ALJAZZAR; ADPULPUS VITAE, LLC; JELMAR PASCO; BURTON CONSTRUCTION & MANAGEMENT, INC.; PETER BURTON; INVICTUS GLOBAL GROUP, LLC; CHARLES YI; OXBOW SB 44, LLC; ERIC CERNICH; NEW YORK INNOVATIVE BUILDERS, LLC (California Limited Liability Company) and GUS DAHLEH)

110.    Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

111.    Under California Civil Code Section 1710, negligent misrepresentation is established by proving (1) the defendant represented to the plaintiff that a fact was true;  (2) defendant's representation was not true; (3) although the defendant may have honestly believed that the representation was true, they had no reasonable grounds for believing the representation was true when [he/she] made it; (4) the defendant intended the plaintiff rely on this representation; (5) the plaintiff reasonably relied on the defendant's representation; (6) plaintiff was harmed as a result; and (7) plaintiff's reliance on defendant's representation was a substantial facto in causing their harm.

112.    PACIFIC COAST INTERNATIONAL GROUP, LLC; PETER BURTON; and BURTON CONSTRUCTIN & MANAGEMENT, INC.'s collective motive for repudiating their contract with PLAINTIFF was to accept the higher offer prospectively offered to PLAINTIFF by Defendants CHARLES YI on behalf of INVICTUS GROUP, LLC in order to each increase their respective profits.

113.    In or about April 13, 2022, Defendants, including Defendants PETER BURTON, ERIC CERNICH, CHARLES YI, INVICTUS GLOBAL GROUP, ADPULPUS

VITAE, LLC, JELMAR PASCO, OMAR RONALD ALJAZZAR, KEVIN KIM, and others, began to give PLAINTIFF the run-around and engaged in conduct that indicated none of them intended on honoring the terms of the January 5, 2022 Purchase Agreement.

114.   For example, per the terms of the January 5, 2022 Purchase Agreement (*See*, **Exhibit A**), Defendants OMAR RONALD ALJAZZAR and PACIFIC COAST INTERNATIONAL GROUP, LLC were required to provide PLAINTIFF with the Rock Crushing Resolution.  Defendant OMAR RONALD ALJAZZAR told PLAINTIFF that the City of San Bernardino would not grant PLAINTIFF approval to crush rock and concrete on-site at the Subject Property.  Defendant OMAR RONALD ALJAZZAR told PLAINTIFF that, instead of crushing rock and concrete on-site at the Subject Property, the City of San Bernardino would require the rock and concrete to be crushed 1000 feet away, but did not give PLAINTIFF any specifics as to what direction – i.e. North, South, East or West or a location of where the City of San Bernardino would allow the crushing of rock and concrete. This caused further delays and allowed for the other Defendants that were working in concert with Defendants OMAR RONALD ALJAZZAR and PACIFIC COAST INTERNATIONAL GROUP, LLC to setup the fraudulent California LLC to remove the Notice of Intent to Preserve Interest and complete the formation of ABERDEEN DEVELOPERS, LLC, the entity to which Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC fraudulently transferred the Subject Property in order to avoid the liability that would certain result from Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC's breach of the January 5, 2022 Purchase Agreement.

115.   For starters, even after the January 5, 2022 Purchase Agreement was executed, beginning on or around April 13, 2022, Defendant PETER BURTON constantly tried to

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (<u>NY</u> LLC)'S VERIFIED COMPLAINT

induce PLAINTIFF to breach their Non-Disclosure Agreement by representing to MR. AWADALLAH that he should introduce Defendant PETER BURTON to Defendant ERIC CERNICH and Defendant OMAR RONALD ALJAZZAR in order to advance the transaction, although this was untrue. *See*, **Exhibit B**. PLAINTIFF was never willing to do such, as it would violate the Non-Disclosure Agreement and pose issues with the sale of the Subject Property.

116. Defendants JELMAR PASCO, as agent and principal for ADPULPUS VITAE, LLC also breached his respective Non-Disclosure Agreement with PLAINTIFF by speaking to the City of San Bernardino. *See*, **Exhibit A**, **Exhibit D**. JELMAR PASCO misrepresented to PLAINTIFF he spoke with the City to inquire about the crushing Resolution, though JELMAR PASCO's true intention was to advance the separately pending transaction with Defendants CHARLES YI and INVICTUS GLOBAL GROUP, LLC. *See*, **Exhibit A**, **Exhibit D**.

117. Additionally, Defendant PETER BURTON, as agent and principal for Defendant BURTON CONSTRUCTION & MANAGEMENT, LLC, tried to (1) convince PLAINTIFF the prospective clients he was seeking to work with, Defendants ERIC CERNICH and OMAR RONALD ALJAZZAR, are "no good" and will "get him into trouble"; and (2) would coach PLAINTIFF on how to respond to e-mails to Defendant INVICTUS GLOBAL GROUP, LLC that actually turned out to disadvantage PLAINTIFF by making him look incompetent and ill-informed, all under the guise of advancing the deal when PETER BURTON was really trying to hurt it. Ultimately, Defendant BURTON was desperate to talk PLAINTIFF into reneging the January 5, 2022 Purchase Agreement and/or sabotaging him into doing so.

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (<u>NY</u> LLC)'S VERIFIED COMPLAINT

118.    Defendants ERIC CERNICH, as agent and principal for OXBOW SB 44, LLC, and OMAR RONALD ALJAZZAR for PACIFIC COAST INTERNAL GROUP, LLC both informed PLAINTIFF the City of San Bernardino denied the permits to crush the rock on-site of the Subject Property yet failed to make any indication they intended to drop the purchase price from $1,700,000 to $1,300,000 as agreed upon should the Resolution not be provided. *See*, **Exhibit A.**  In fact, this was a deliberate ploy on Defendants' part to mislead PLAINTIFF to his detriment.

119.    To this day, escrow for the Subject Property remains open due to Defendants' refusing to close sale, which is a deliberate breach of the January 5, 2022 Purchase Agreement. *See*, **Exhibit A**.  Defendants repudiated the contract and deliberately stalled the closing of escrow by (1) actively encouraging PLAINTIFF to back out of the deal; (2) negligently misrepresenting the status of the Rock Crushing Resolution thus performance of the January 5, 2022 Purchase Agreement owed by OMAR RONALD ALJAZZAR; and (3) negligently misrepresenting that they intended to perform per the January 5, 2022 Purchase Agreement.

120.    Ultimately, the aforementioned Defendants made statements to PLAINTIFF that no reasonable person under the circumstances would believe to be true, or made with reckless disregard for the truth, in order to get PLAINTIFF to enter into the January 5, 022 Purchase Agreement.  *See*, **Exhibit A**.  For instance, Defendants promised to provide PLAINTIFF with a resolution on the "rock crushing" issue as part of the January 5, 2022 Purchase Agreement, but never did.  Defendants have also continuously made various statements to PLAINTIFF to induce him to repudiate the January 5, 2022 Purchase Agreement to his own detriment.

121.    As a result of Defendants' negligent misrepresentations that Defendant PACIFIC COAST INTERNAL GROUP, LLC would perform per the terms of the January 5, 022 Purchase Agreement, PLAINTIFF has been damaged by such misrepresentations of the Defendants as alleged herein in the amount of at least $34,250,000 which represents the amount of lost profits PLANTIFF will suffer as a result of Defendants' failure to close the sale of the Subject Property.

### FIFTH CAUSE OF ACTION
### FRAUDULENT CONVEYANCE
### (Cal. Civ. Code § 3439 et seq.)
**(Against Defendants PACIFIC COAST INTERNATIONAL GROUP, LLC; OMAR RONALD ALJAZZAR; ABERDEEN DEVELOPERS, LLC, KYNDRA MAYO and GUS DAHLEH)**

122.    Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

123.    California Civil Code Section 3439.04, subdivision (a) provides that a transfer is fraudulent and thus voidable if the creditor did not receive reasonably equivalent consideration owed and the debtor made the transfer "(1) with actual intent to hinder, delay, or defraud [the] creditor of the debtor".

124.    On January 19, 2022, PLAINTIFF recorded a Notice of Intent to Preserve Interest on the Subject Property with the San Bernardino County Recorder's Office following the finalization of the January 5, 2022 Purchase Agreement. *See*, **Exhibit A**; **Exhibit F**.

125.    PLAINTIFF discovered an individual by the name of Defendant GUS DAHLEH fraudulently filed a Release of Notice of Intent to Preserve Interest on July 20, 2022. *See*, **Exhibit I**.

126.    Defendant GUS DAHLEH managed to defraud the San Bernardino County Recorder's Office and PLAINTIFF by forming a limited liability company in the State of

California with *the exact same name* as PLAINTIFF'S: NEW YORK INNOVATIVE BUILDERS, LLC – which was registered just one day prior on July 19, 2022. *See*, **Exhibit J**.

127.    PLAINTIFF is informed and believes and based thereon alleges that Defendant GUS DAHLEH deliberately formed an identically named company to defraud both the San Bernardino County Recorder's Office and PLAINTIFF to file the Release of Notice of Intent to Preserve Interest under false pretenses. *See*, **Exhibit I**; **Exhibit J.**

128.    Having discovered Defendant GUS DAHLEH and others were clearly trying to defraud PLAINTIFF out of the Subject Property, PLAINTIFF re-filed its Notice of Intent to Preserve Interest with the San Bernardino County Recorder's Office on August 4, 2022 in order to protect its claim over the Subject Property, then began searching for counsel to file this lawsuit. This Notice was recorded on August 9, 2022. *See*, **Exhibit K.**

129.    Unfortunately, somehow just days later, PLAINTIFF discovered on or around August 24, 2022, Defendant PACIFIC COAST INTERNAL GROUP, LLC fraudulently transferred the Subject Property to Defendant ABERDEEN DEVELOPERS, LLC, then thereafter recorded the grant deed with the San Bernardino County Recorder's Office in spite of the Notice of Intent to Preserve Interest being on file as of August 9, 2022.  *See*, **Exhibit L; Exhibit M.**

130.    PLAINTIFF is informed and believes and based thereon alleges that the Subject Property was fraudulently transferred from Defendant PACIFIC COAST INTERNAL GROUP, LLC to Defendant ABERDEEN DEVELOPERS, LLC with the actual intent to hinder, delay, or defraud PLAINTIFF and that Defendant PACIFIC COAST

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (NY LLC)'S VERIFIED COMPLAINT

INTERNAL GROUP, LLC did not receive reasonably equivalent consideration for the transfer of the Subject Property to Defendant ABERDEEN DEVELOPERS, LLC

131.    Defendants OMAR RONALD ALJAZZAR, GUS DAHLEH and KYNDRA MAYO as the alter ego of their respective companies collaborated in their scheme to perpetrate the fraudulent transfer of the Subject Property from Defendant PACIFIC COAST INTERNAL GROUP, LLC to Defendant ABERDEEN DEVELOPERS, LLC and to effectively steal the Subject Property from PLAINTIFF.

132.    Defendant KYNDRA MAYO is the owner of Defendant ABERDEEN DEVELOPERS, LLC and Defendant GUS DAHLEH is believed to be her husband and Defendant GUS DAHLEH and Defendant KYNDRA MAYO are both personal and professional friends of Defendant OMAR RONALD ALJAZZAR, the owner of Defendant PACIFIC COAST INTERNAL GROUP, LLC.

133.    Curiously, ABERDEEN DEVELOPERS, LLC, was formed just a few weeks after the April 13, 2022 phone call wherein Defendant PETER BURTON stated, "there are work-arounds to NDAs".  *See*, **Exhibit M.**

134.    PLAINTIFF is informed and believes and thereon alleges that the transfer of the Subject Property from Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC to Defendant ABERDEEN DEVELOPERS, LLC was a fraudulent transfer done to avoid the possible liability that Defendant PACIFIC COAST INTERNATIONAL GROUP, LLC might incur as a result of litigation between it and PLAINTIFF for its breach of the January 5, 2022 Purchase Agreement. *See*, **Exhibit A.**

135.    Plaintiff is informed and believes and thereon alleges Defendants ERIC CERNICH, as agent and principal for OXBOW SB 44, LLC, counseled Defendant PACIFIC

COAST INTERNATIONAL GROUP, LLC on how to breach the January 5, 2022 Purchase Agreement by transferring the Subject Property to ABERDEEN DEVELOPERS, LLC.

136.    Notably, the title company overseeing the fraudulent conveyance, Orange Coast Title Company e-mailed PLAINTIFF on September 15, 2022 informing PLAINTIFF that escrow on the August 24, 2022 transfer still had no closed. PLAINTIFF has since construed this to mean ABERDEEN DEVELOPERS, LLC has not paid any of the alleged $1,500,000 purchase price as provided for on the Grant Deed. *See*, **Exhibit L.** Plaintiff is informed and believes and based thereon alleges that this still holds true to this day.

137.    PLANITFF seeks the cancellation of the August 24, 2022 deed transferring the Subject Property from Defendant PACIFIC COAST INTERNAL GROUP, LLC to Defendant ABERDEEN DEVELOPERS, LLC.

138.    In addition, PLAINTIFF has been damaged by the fraudulent conduct of the Defendants as alleged herein in the amount of at least $34,250,000 which represents the amount of lost profits PLANTIFF will suffer as a result of Defendants' failure to close the sale of the Subject Property and fraudulently transferring the Subject Property to Defendant ABERDEEN DEVELOPERS, LLC.

139.    In addition, the conduct of the Defendants as alleged herein in was willful and malicious and done with the specific intent to harm PLAINTIFF which entitles PLAINTIFF to recover punitive damages which are available to PLAINTIFF in this case in order to punish these Defendants for the conduct that harmed PLAINTIFF and to discourage similar conduct in the future in an amount that is at least three (3) times the $34,250,000 in compensatory damages PLAINTIFF is seeking for a total of $102,750,000.

\\

\\

\\

## SIXTH CAUSE OF ACTION
### INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS
**(Against All Defendants)**

140.    Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

141.    A plaintiff may seek recovery from a defendant who intentionally interfered with a validly executed contract between the plaintiff (i.e., aggrieved party) and a third party. *Little v. Amber Hotel Co.* (2011) 202 Cal.App.4th 280, 291.

142.    To establish a claim for intentional interference of contractual relations, the plaintiff must prove (1) there was a contract between the plaintiff and a third party; (2) the defendant knew of the contract; (3) the defendant's conduct prevented performance or made performance more expensive or difficult; (4) the defendant intended to disrupt the performance of this contract, or knew that disruption was substantially certain to occur; (5) the plaintiff was harmed; and (6) the defendant's conduct was a substantial factor in causing plaintiff's harm. *Pacific Gas & Electric Co. v. BearStearns & Co.* (1990) 50 Cal.3d 1118, 1126.

143.    In the present case, PLAINTIFF had a Purchase Agreement executed on January 5, 2022 and, as alleged herein, each and every named Defendant individually, uniquely, and intentionally interfered with the execution of the terms of the January 5, 2022 Purchase Agreement by stalling closure of Escrow and working induce PLAINTIFF to breach the January 5, 2022 Purchase Agreement, and circumventing the January 5, 2022

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (NY LLC)'S VERIFIED COMPLAINT

Purchase Agreement between PLAINTIFF and Defendant PACIFIC COAST INTERNAL GROUP, LLC. *See*, **Exhibits A-M.**

144.   As a result of the intentional interference of the Defendants with the January 5, 2022 Purchase Agreement as alleged herein, PLAINTIFF has been damaged in the amount of at least $34,250,000 which represents the amount of lost profits PLANTIFF will suffer as a result of the loss of the sale of the Subject Property.

**SEVENTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
**(Cal. Bus. and Prof. Code § 17200 et seq.)**
**(Against All Defendants)**

145.   Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

146.   California Business and Professions Code Section 17200 prohibits any individual or corporation from performing "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act" during any and all business dealings in the State of California.

147.   Defendants each individually, uniquely, and intentionally failed to act in an honest, ethical, and competent manner during all relevant times of the negotiation and execution of the January 5, 2022 Purchase Agreement, as required under California law and as described herein. *See*, **Exhibits A-M.**

148.   As a result of the conduct of the Defendants as alleged herein, each of the Defendants are liable for a violation of California Business and Professions Code Section 17200.

\\

\\

-45-
PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (NY LLC)'S VERIFIED COMPLAINT

\\

\\

## PRAYER FOR RELIEF

Wherefore PETITIONER NEW YORK INNOVATIVE BUILDERS, LLC prays for judgment against all Defendants, and each of them, as follows:

### ON THE FIRST CAUSE OF ACTION

A. For damages according to proof at trial, including but not limited to estimated lost profits of $34,250,000;

B. For costs of suit herein incurred, including attorney's fees against Defendants;

C. For prejudgment interest at the legal rate; and

D. For such other relief as the Court deems appropriate.

### ON THE SECOND CAUSE OF ACTION

E. For a Court order for Defendants to specifically perform the terms of the January 5, 2022 Purchase Agreement;

F. For a court order the January 5, 2022 Purchase Agreement be executed at a purchase price of $1,300,000.00 in light of Defendants failing to provide the Rock Crushing Resolution as agreed per the terms of the January 5, 2022 Purchase Agreement;

G. For costs of suit herein incurred, including attorney's fees against Defendants;

H. For prejudgment interest at the legal rate; and

I. For such other relief as the Court deems appropriate.

### ON THE THIRD CAUSE OF ACTION

J. For damages according to proof at trial including but not limited to estimated lost profits of $34,250,000;

K. For punitive damages against Defendants

L. For costs of suit herein incurred, including attorney's fees against Defendants;

M. For prejudgment interest at the legal rate; and

N. For such other relief as the Court deems appropriate.

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (NY LLC)'S VERIFIED COMPLAINT

## ON THE FOURTH CAUSE OF ACTION

O. For damages according to proof at trial;

P. For prejudgment interest at the legal rate; and

Q. For such other relief as the Court deems appropriate

## ON THE FIFTH CAUSE OF ACTION

R.      For damages according to proof at trial including but not limited to estimated lost profits of $34,250,000;

S. For punitive damages against Defendants;

T. For prejudgment interest at the legal rate; and

U. For such other relief as the Court deems appropriate;

## ON THE SIXTH CAUSE OF ACTION

V. For damages according to proof at trial;

W. For prejudgment interest at the legal rate; and

X. For such other relief as the Court deems appropriate.

## ON THE SEVENTH CAUSE OF ACTION

Y. For damages according to proof at trial;

Z. For punitive damages against Defendants;

AA.    For prejudgment interest at the legal rate; and

BB.    For such other relief as the Court deems appropriate.

\\
\\
\\
\\
\\
\\

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (NY LLC)'S VERIFIED COMPLAINT

\\

\\

## **DEMAND FOR JURY TRIAL**

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC also hereby reserves its right to a trial for all causes of action set forth herein by jury, pursuant to Federal Rule of Civil Procedure 38.

Dated: October 20, 2022          By: _____

James D. Hornbuckle.
*Attorney for Plaintiff,*
NEW YORK INNOVATIVE
BUILDERS, LLC

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (<u>NY</u> LLC)'S VERIFIED COMPLAINT

## VERIFICATION

I, **HOSSAM AWADALLAH**, am the agent and principal for NEW YORK INNOVATIVE BUILDERS, LLC (New York LLC) and declare that:

1.     NEW YORK INNOVATIVE BUILDERS, LLC is the Plaintiff of the above-entitled action.

2.     I have read the foregoing pleading entitled "**PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC'S VERIFIED COMPLAINT**" and know the contents thereof; the same is true of my own knowledge, except as to those matters which are therein stated upon my information or belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed on **October 20, 2022**, in the State of New York.

_Hossam Awadallah_

_____

HOSSAM AWADALLAH, *Declarant*

PLAINTIFF NEW YORK INNOVATIVE BUILDERS, LLC (NY LLC)'S VERIFIED COMPLAINT